WEAVER, J.
(concurring). I concur in the majority opinion that the road proposed by the city of Novi is a public use under Const 1963, art 10, § 2 and private property may be condemned for the construction of the road because the road will be established, paid for, and controlled and managed by a public body and because the public at large will be able to use the road. See Rogren v Corwin, 181 Mich 53, 57-58; 147 NW 517 (1914).
The majority correctly notes that this case does not involve the transfer of private property through the exercise of eminent domain from one private entity to another and thus is not controlled by this Court’s recent decision in Wayne Co v Hathcock, 471 Mich 445; 684 NW2d 765 (2004). But then the majority suggests *259 that the lower courts also erred because if there had been such a transfer, the lower courts should have applied Hathcock’s three-factor test. Ante at 252. However, because the lower courts’ decisions in this case preceded this Court’s decision in Hathcock, the lower courts could not have erred by not applying Hathcock. Id.
I also concur in the majority opinion that the city of Novi did not commit fraud, an error of law, or abuse its discretion when it declared that the condemnation of the property in question was necessary under MCL 213.56.
Finally, I agree with the majority that the case before us is not moot and that this Court cannot avoid addressing the constitutional and statutory questions presented on the basis of the dissent’s assumption that the proposed road project will not proceed. However, I do not join the majority’s purported “review of the basic principles of mootness law.... ” Ante at 256. The majority does not in fact review Michigan’s law regarding moot cases. Instead, the majority imports a discussion of subject-matter jurisdiction requirements from a case that involved standing. See Nat’l Wildlife Federation v Cleveland Cliffs Iron Co, 471 Mich 608, 631; 684 NW2d 800 (2004). As I stated in my opinion concurring in the result only in Nat’l Wildlife, the cited discussion had little to do with the question of standing that was at issue in Nat’l Wildlife. The cited discussion similarly has little relevance to the question whether the issues presented in this case are moot.